UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **SHEDRICK NORTHERN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 2:21 CV 242 |
| v. | ) |
| | ) |
| **HOME DEPOT U.S.A., INC.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**OPINION and ORDER**

I.   **BACKGROUND**

Plaintiff Shedrick Northern, *pro se*, alleges that on March 20, 2020, he was shopping in a Home Depot store in Merrillville, Indiana. (DE # 8-2 at 4.) Plaintiff claims he went to the store to "purchase some wire and to bring back some products [he] had purchased." *(Id.)* Plaintiff asked an employee for help, and she obliged, helping plaintiff around the store. *(Id.)* Plaintiff noticed another Home Depot employee, Joe Risner, watching him. *(Id.)*

Plaintiff then proceeded to the customer service desk to return the items he had brought with him. *(Id.)* The associate he encountered said: "What are you up here for? You didn't buy any of this stuff here." *(Id.)* Risner then approached, informing plaintiff that Risner had been following plaintiff since plaintiff had entered the store. *(Id.)* Plaintiff asked Risner if there was a reason why Risner had followed plaintiff, other than in order to racially profile him. *(Id.)* According to plaintiff, Risner then apologized

for profiling him, explaining that there had been many thefts recently by black men. *(Id.)*

Meanwhile, the manager on duty, Beth Roy, called 911 to contact the local police department. *(Id.;* DE # 28-1 at 6*.)* Plaintiff alleges that Roy told the operator that she believed plaintiff intended to return the entire contents of the cart at the customer service desk, even though he had not previously purchased it all. (DE # 28-1 at 6.) Officers arrived on the scene and asked plaintiff if he wanted to return the items and purchase the wire; plaintiff responded that the store had already refused to accept the return. (*Id.* at 7.) According to the police report related to the event, which plaintiff attached to his pleadings, plaintiff left the premises voluntarily. (DE # 8-2 at 35.)

Plaintiff claims that over a year later, on May 31, 2021, he went to another Home Depot store in Valparaiso, Indiana. (DE # 8-2 at 5.) Plaintiff and Risner again encountered one another at this store. According to plaintiff, Risner stated that he remembered plaintiff, and plaintiff responded "yeah, I'm the one that you blamed for stealing and racially profiled." (*Id.*) Plaintiff asserts that Risner responded by threatening plaintiff and calling the police. *(Id.)* According to plaintiff, Risner informed the police that plaintiff was not allowed in the store, and plaintiff was issued a trespassing ticket. *(Id.)*

Plaintiff sued Home Depot and the employees he encountered during these incidents. (DE # 1.) He alleged violations of his civil rights in violation of 42 U.S.C. § 1981 and § 1982; the Thirteenth and Fourteenth Amendments; Title II of the Civil

2

Rights Act of 1964; the Civil Rights Act of 1866; and the Civil Rights Act of 1875. (DE ## 1, 8-4, 28-1.) Defendants now move to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). (DE # 14.) The matter is fully briefed and ripe for ruling.

## II.   LEGAL STANDARD

When reviewing a Rule 12(b)(6) motion, the court assesses the sufficiency of the pleadings to determine if claims survive or fail as a matter of law, "tak[ing] the facts alleged in the complaint as true, [and] drawing all reasonable inferences in favor of the plaintiff." *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007).

The Supreme Court interpreted the Rule 12(b)(6) pleading standard in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). To survive a motion to dismiss under that standard, a complaint must "state a claim to relief that is plausible on its face," which in turn requires factual allegations sufficient to permit a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S, 570, 556. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557).

This "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679. The plaintiff must allege "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. The Seventh Circuit has interpreted the plausibility standard to

3

mean that "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

## III.  DISCUSSION

The court begins with the statutes plaintiff primarily relies upon in this case, Sections 1981 and 1982 of Title 42. These statutes address racial discrimination in contractual and property relationships, and provide that all persons shall have the same right to "make and enforce contracts," 42 U.S.C. § 1981, and to "inherit, purchase, lease, sell, hold, and convey real and personal property," *id.* at § 1982. Because the statutes share a common origin and purpose, and because both statutes derive their operative language from the Civil Rights Act of 1866, the two provisions are generally construed in tandem. *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996).

Defendants first argue that any claim premised on defendants' surveillance of plaintiff in either store must fail to state a Section 1981 or 1982 claim as a matter of law. While the Seventh Circuit has not ruled definitively on the issue, other circuits have sided with defendants. *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 472 (8th Cir. 2009) (discriminatory surveillance by a retailer is insufficient to establish interference with protected activity under Section 1981); *Garrett v. Tandy Corp.*, 295 F.3d 94, 101 (1st Cir. 2002) ("So long as watchfulness neither crosses the line into harassment nor impairs a shopper's ability to make and complete purchases, it is not actionable under section 1981."); *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1109 (10th Cir. 2001) (same).

4

The general rationale underlying these decisions is that to impose an unwritten contract upon commercial establishments between themselves and the public that all who enter will be treated equally regardless of race would effectively expand Sections 1981 and 1982 beyond the protection of a "contract" or transaction, and would veer into a general anti-discrimination statute that Congress did not intend to create. *See id.* These courts also reasoned that merchants have a legitimate interest in observing customers' movements. *See, e.g., Garrett*, 295 F.3d at 101.

It is noteworthy that both *Gregory* and *Garrett* cited the Seventh Circuit's decision in *Morris* with approval. In that case, the Seventh Circuit held that interference with possible future retail transactions was not actionable under Sections 1981 and 1982. *Morris,* 89 F.3d at 413. Given the sound reasoning of the aforementioned persuasive authorities and the fact that these decisions relied upon the Seventh Circuit's own holding in *Morris* in coming to their conclusions, the court finds that the Seventh Circuit would likely agree with its sister circuits on the issue of discriminatory surveillance were it to consider the issue squarely itself. Accordingly, the court agrees with defendants that plaintiff's Section 1981 and 1982 claims, to the extent that they are based on allegations of discriminatory surveillance, must be dismissed.

Defendants also move to dismiss the remainder of plaintiff's Section 1981 and 1982 allegations regarding the two transactions he claims he attempted to consummate at the Merrillville store. First, plaintiff claims he tried to return items previously purchased. Defendants argue that in attempting to *return* items, plaintiff was not actually attempting to contract for the purchase of any items. In this way, defendants

5

argue, plaintiff has failed to allege a deprivation of the rights guaranteed by Section 1981 and 1982. However, this court declines to construe these statutes in such a highly technical manner. The Supreme Court of the United States has held that Section 1981 is intended to encompass "all phases and incidents of the contractual relationship." *Rivers v. Roadway Express, Inc.,* 511 U.S. 298, 302 (1994). A return of an item previously purchased would appear to fall under the plain language of the statutes. *See id.; see also Singh v. Wal-Mart Stores, Inc.,* No. CIV. A. 98-1613, 1999 WL 374184, at *6 (E.D. Pa. June 10, 1999), *aff'd*, 225 F.3d 650 (3d Cir. 2000) (90–day consumer return/exchange policy was basis for a Section 1981 claim).

Plaintiff also alleges that he intended to enter into a second transaction at the Merrillville store– this time, to purchase wire. However, the complaint does not contain sufficient allegations to conclude that he in fact attempted to purchase the wire and was disallowed this opportunity. Rather, his complaint simply alleges he approached the customer service desk to effectuate a return and was rebuffed. Further, the police report plaintiff attached to his complaint states that plaintiff left the Merillville store on his own accord. (DE # 8-2 at 35.) Accordingly, any claim based on an attempted purchase of the wire in Merrillville fails. *Bagley v. Ameritech Corp.,* 220 F.3d 518 (7th Cir. 2000) (no Section 1981 claim where a shopper opted not to contract with a merchant because shopper was offended by racially motivated activity of employee of store).

Defendants also challenge plaintiff's allegations regarding the Valparaiso incident. Defendants argue that plaintiff has not alleged that he attempted to actually purchase any items in Valparaiso. The court concurs. Plaintiff alleged that he noticed

Joe Risner at the Valparaiso store, that Risner threatened him and called police, and that the Valparaiso police gave plaintiff a trespassing ticket. These allegations fail to state a claim under Section 1981 and 1982. *Morris,* 89 F.3d at 414 (interference with possible future retail transaction not actionable under Sections 1981 and 1982).

The remainder of plaintiff's claims have no legal merit. Plaintiff cannot state a claim under the Thirteenth or Fourteenth Amendments to the Constitution, because no state actors have been named as defendants in this lawsuit, nor has any state action been placed at issue. *See, e.g., Wade v. Byles,* 83 F.3d 902, 904 (7th Cir. 1996) (Fourteenth Amendment erects no shield against merely private conduct, however discriminatory or wrongful). Plaintiff's claim under Title II of the Civil Rights Act of 1964 fails for two reasons already explained to plaintiff by Judge Philip P. Simon in a similar case brought by plaintiff against Best Buy. *Bowes-Northern v. Best Buy Stores, L.P.,* No. 2:21CV329-PPS/JEM, 2022 WL 1202916, at *2 (N.D. Ind. Apr. 22, 2022). First, a retailer like Home Depot is not a place of public accommodation under Title II, *id.*, and second, plaintiff has not exhausted his administrative remedies under the statute by providing written notice of the allegations to appropriate state or local authorities, *id.* at *3.

As for plaintiff's claims under the Civil Rights Act of 1866, that statute has been recodified as 42 U.S.C. § 1981 and 1982. *Tillman v. Wheaton-Haven Recreation Ass'n, Inc.,* 410 U.S. 431, 434 (1973). Plaintiff's Section 1981 and 1982 claims have been addressed in detail above. Plaintiff's claim under the Civil Rights Act of 1875 fails because that act was declared unconstitutional by the Supreme Court in 1883. *Civil Rights Cases,* 109 U.S. 3, 25-26 (1883). Finally, to the extent that plaintiff seeks to state a claim for "spoilation of

7

evidence," as he suggests in his response brief (DE # 28-1 at 7-8), this claim is dismissed as Indiana does not recognize such a tort. *Gribben v. Wal-Mart Stores, Inc.,* 824 N.E.2d 349, 355 (Ind. 2005); *Bowes-Northern,* 2022 WL 1202916, at *3.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **GRANTED, in part, and DENIED, in part.** (DE # 14.) For clarity's sake, the sole claim remaining in this case is plaintiff's allegation that defendants refused plaintiff's attempted return at the Merrillville store on account of plaintiff's race.

Pursuant to *Luevano v. Wal-Mart,* 722 F.3d 1014, 1024-25 (7th Cir. 2013), the court now grants plaintiff leave to amend to his complaint to cure the defects addressed herein by November 14, 2022.

**SO ORDERED.**

Date: October 14, 2022

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT