UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| SHEDRICK NORTHERN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:21-CV-242-JTM-JEM |
| | ) | |
| HOME DEPOT, INC., *et al.*, | ) | |
|     Defendants. | ) | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(3) and Local Rule 72-1**

This matter is before the Court due to the failure of Plaintiff Shedrick Northern to appear at the Show Cause Hearing of May 18, 2023, and failure to comply with Orders of Court.

On October 14, 2022, Defendants' motion to dismiss was granted in part and Plaintiff was ordered to amend his complaint to cure the identified defects by November 14, 2022. [DE 37]. He did not do so. On April 12, 2023, the Court set the matter for a hearing to inquire into Plaintiff's failure to comply, to be held on May 18, 2023, warning Plaintiff Northern that his failure to appear could result in sanctions, including dismissal of the case. That Order was mailed to Plaintiff Northern, and was delivered to the address he has on file with the Court. [DE 40]. Plaintiff Northern failed to appear without explanation. He has not filed anything in the case or communicated with Defendants since October 2022.

Under Rule 41(b), a court may dismiss a claim "[i]f the plaintiff fails to prosecute or comply with . . . a court order . . ." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute "is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven

1

unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)) (quotation marks and other citations omitted). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *Gabriel*, 514 F.3d at 736; *see also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff.").

Given the conduct of Plaintiff, this case presents one of those "extreme situations." *Gabriel*, 514 F.3d at 736. Plaintiff has failed to comply with court orders, failed to appear at the show cause hearing, and failed to communicate with either the Court or counsel for Defendants. The Court also finds that proper warning has been given to Plaintiff. *See Gabriel*, 514 F.3d at 736; *Sharif*, 376 F.3d at 725. "'Due warning' need not be repeated warnings and need not be formalized in a rule to show cause . . . But there should be an explicit warning in every case." *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). In this case, Plaintiff received "due warning" in a formal Show Cause Order sent to Plaintiff, and the Court finds that dismissal is warranted by Plaintiff's failure to comply with the Show Cause Order of April 12, 2023.

Accordingly, the Court finds that no cause has been shown and **RECOMMENDS** that the District Court **DISMISS this case without prejudice**.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902,

904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

The Court also **DENIES as moot** Defendants' Motion for Leave [DE 38].

SO ORDERED this 18th day of May, 2023.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   Judge James T. Moody
      All counsel of record
      Plaintiff Shedrick Northern, *pro se*, by first class and certified mail, return receipt requested